UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JAMES KALAMARAS,

                Plaintiff,      ORDER
                                    11-CV-1262(JS)(ARL)

    -against-

DEAN LOMBARDI,

                Defendant.
----------------------------------------X

APPEARANCES

For Plaintiff:    James Kalamaras, pro se
                    64 Upper Sheep Pasture Road
                    East Setauket, NY 11733

For Defendant:    Brian C. Mitchell, Esq.
                    Susan A. Flynn, Esq.
                    Suffolk County Attorney's Office
                    H. Lee Dennison Building
                    100 Veterans Memorial Highway
                    Hauppauge, NY 11788

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ APR 20 2012 ★
LONG ISLAND OFFICE

SEYBERT, District Judge:

        The Court is in receipt of pro se Plaintiff James Kalamaras' ("Plaintiff") motion for sanctions and injunctive relief against Defendant Dean Lombardi ("Defendant"). For the following reasons, Plaintiff's request is DENIED.

## BACKGROUND

        The Court will only summarize the facts relevant to the instant motion. On October 25, 2011, Judge Arlene R. Lindsay mailed Plaintiff copies of a Proposed Scheduling Order and an Initial Conference Order issued on that same date. (Docket Entry 10.) The documents were mailed to Plaintiff at 64

Upper Sheep Pasture Rd., East Setauket, NY 11733 return receipt requested. (See Docket Entry 14 at 4.)[1] The documents were received on November 5, 2011 and signed for by Heather Ginsburg. (Docket Entry 12.) According to Plaintiff, Ms. Ginsburg "forwarded" him these orders. Plaintiff does not specify when or how Ms. Ginsburg allegedly forwarded the orders. Plaintiff asserts that he never received the forwarded mail.

Then, on December 14, 2011, Plaintiff filed the pending motion for sanctions asserting that he is entitled to: (1) sanctions "including fees for attorney purposes and any other costs this court deems appropriate" because "Defendant illegally discarded and/or failed to forward certified mail to [him] which was mailed to S.C.C.F. by [his] girlfriend, Heather Ginsburg" (Pl. Mot., Docket Entry 14, ¶¶ 4, 8) and (2) an injunction barring Defendant from committing "such malicious conduct" (Pl. Mot. ¶ 8). The motion also served as another notice of change of address--Plaintiff was released from prison and provided the Court with a P.O. Box in West Brentwood, New York. The notice did not state when Plaintiff was released.

---

[1] The Court notes that on October 21, 2011, Plaintiff filed a notice of change of address, indicating that he was arrested for violating the conditions of his parole and asking the Court to update the docket to reflect that he was incarcerated in the Suffolk County Correctional Facility, 110 Center Drive, Riverhead, NY 11901. (Docket Entry 11.) However, this notice was not docketed until October 28, 2011--after Judge Lindsay mailed Plaintiff copies of her orders at his prior address.

2

## DISCUSSION

The Court will not issue sanctions or injunctive relief at this time. Since Plaintiff is no longer incarcerated, he cannot establish any threat of irreparable harm, which is required to justify a preliminary injunction. See Metropolitan Taxicab Bd. of Trade v. City of N.Y., 615 F.3d 152, 156 (2d Cir. 2010). The Court also finds that there is no clear evidence of bad faith conduct on the part of Defendant or his lawyers that would entitle Plaintiff to sanctions.[2] See Wolters Kluwer Fin. Servs., Inc. v. Scivantage, 564 F.3d 110, 114 (2d Cir. 2009).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for sanctions and injunctive relief is DENIED.

SO ORDERED

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: April 20 , 2012
Central Islip, NY

---

[2] The Court notes that Plaintiff's motion states that "the Defendant and his coworkers, agents and employees of the S.C.C.F. withheld such papers . . . ." (Pl. Mot. ¶ 7.) It is not even clear whether Defendant was involved in the alleged conduct.
The Court also notes that Plaintiff has not provided any evidence, in the form of affidavit or otherwise, that Ms. Ginsburg actually mailed the orders at issue or that such orders were not returned to Ms. Ginsburg after Plaintiff was discharged.

3