```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JAMES KALAMARAS,

                        Plaintiff,
                                              MEMORANDUM & ORDER
            -against-                         11-CV-1262(JS)(ARL)

DEAN LOMBARDI,

                        Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:      James Kalamaras, pro se
                    64 Upper Sheep Pasture Road
                    E. Setauket, NY 11733

For Defendant:      Brian C. Mitchell, Esq.
                    Susan A. Flynn, Esq.
                    Suffolk County Attorney's Office
                    100 Veterans Memorial Highway
                    P.O. Box 6100
                    Hauppauge, NY 11788
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge Arlene R. Lindsay's Report and Recommendation ("R&R") recommending that the Court grant Defendant Dean Lombardi's ("Defendant") letter motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. For the following reasons, the Court ADOPTS Judge Lindsay's R&R in its entirety.

BACKGROUND

The Court will only summarize the facts relevant to the pending motion. Plaintiff James Kalamaras ("Plaintiff") commenced this action pro se on March 15, 2011, against

Defendant, a corrections officer in the Suffolk County Correctional Facility ("Defendant"), asserting violations of his rights under the Eighth Amendment.  Since commencing this action, Plaintiff has changed his address with the Court five times.  (See Docket Entries 5, 11, 14, 16, 22.)  Plaintiff last updated his address on March 21, 2012 to a location in East Setauket, New York.  (Docket Entry 22.)

On March 23, 2012, Judge Lindsay issued a proposed scheduling order.  (Docket Entry 23.)  The order provided that if the parties could not agree to the proposed schedule, they were to appear for an initial conference on April 18, 2012.  A copy of this order was mailed to Plaintiff at his East Setauket address via certified mail.

The parties never informed Judge Lindsay whether they consented to her proposed scheduling order, and thus she held the initial conference on April 18.  Counsel for Defendant appeared.  Plaintiff did not.  The conference was adjourned to June 13, 2012 at 11:30AM.  In the minute order mailed to Plaintiff later that day, Judge Lindsay warned him that if he failed to appear for the June 13 conference, she would recommend that his Complaint be dismissed for failure to prosecute.  (Docket Entry 26.)  A copy of the minute order was sent to Plaintiff via certified mail.

Notwithstanding Judge Lindsay's warning, on June 13, Plaintiff again failed to appear. Plaintiff arrived at 12:30PM --one hour after the case was called--and failed to provide a reasonable explanation for untimeliness. Thus, Judge Lindsay sanctioned him $350 payable to the Suffolk County Attorney. She advised the parties to notify her upon receipt of payment at which time the case would proceed. (Docket Entry 33.) Plaintiff did not appeal Judge Lindsay's sanction to the undersigned.

On November 8, 2012, Defendant filed a letter motion to dismiss the Complaint for failure to prosecute stating that Plaintiff had yet to pay the $350 sanction or communicate with Defendant or the Court in any way. (Docket Entry 35.) Plaintiff did not submit any opposition to the motion. On November 14, 2012, Judge Lindsay issued her R&R recommending that the Court grant Defendant's motion and dismiss Plaintiff's Complaint with prejudice. To date, Plaintiff has not filed any objections to the R&R.

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on

3

the face of the record." <u>Urena v. New York</u>, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Here, no party has objected to Judge Lindsay's R&R, and the Court finds it to be correct and free of any clear error. Accordingly, the Court ADOPTS it in its entirety.

## CONCLUSION

Judge Lindsay's R&R is ADOPTED in its entirety, and Plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE for failure to prosecute. The Clerk of the Court is directed to mark this matter closed, to enter judgment in favor of Defendant, and to mail a copy of this Memorandum and Order to the <u>pro se</u> Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: December 7, 2012
       Central Islip, NY

4